IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 9:08-CR-29-1 |
| | § | |
| LARRY WAYNE BOGAN | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 30, 2015, alleging that the Defendant, Larry Wayne Bogan, violated his conditions of supervised release. This matter is referred to the undersigned United States Magistrate Judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

Larry Wayne Bogan was sentenced on January 28, 2010, before The Honorable Ron Clark, Chief U.S. District Judge for the Eastern District of Texas after pleading guilty to the offense of Possession of a Firearm by a Felon, a Class C felony. This offense carried a statutory maximum imprisonment term of ten years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of IV, was 46 to 57 months. Larry Wayne Bogan was subsequently sentenced to 47 months' of imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial

disclosure for purposes of monitoring his efforts at obtaining and maintaining lawful employment, and substance abuse testing and treatment.

## II. The Period of Supervision

On August 23, 2012, Larry Wayne Bogan completed his period of imprisonment and began service of the supervision term. His term of supervised release was due to terminate on August 22, 2015.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on June 30, 2015, alleging two violations of supervised release. Bogan is alleged to have (1.) violated the mandatory condition of release that he not commit another federal, state, or local crime, and (2.) violated the standard condition that he shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.[1]

## IV. Proceedings

On September 18, 2015, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

---

1. On June 20, 2015, the U.S. Probation Office was informed that Bogan was under investigation by the Lufkin Police Department in Angelina County, Texas for 2 counts of Manufacture/Delivery of a Controlled Substance in Penalty Group 1 > 1G, a State Jail Felony. Bogan was arrested by the Lufkin Police Department on June, 29, 2015 for the aforementioned charges, and he was released on June 30, 2015, after posting bond. The alleged offenses occurred on May 22, 2014, and February 5, 2015. Additionally, Mr. Bogan has failed to submit a monthly supervision report for the months of February through May 2015.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. Bogan agreed to plead "true" to the second allegation in the petition that he failed to submit a monthly supervision report for the months February through May, 2015.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is two years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Bogan violated his conditions of supervision by failing to submit a truthful and complete written report within the first five days of February, March, April, and May 2015, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months. According to U.S.S.G. § 7B1.3(f), any term of imprisonment imposed upon revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's second allegation that he violated a standard condition that he shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release and makes the same recommendation to the District Court.

## VII.  Recommendations

The court should find that the Defendant violated a standard condition of release by failing to submit a monthly supervision report for the months February through May, 2015. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The undersigned recommends that the court impose a twelve (12) month term of imprisonment to run consecutively to his state sentence, with no term of supervised release to follow.

The Defendant requested to serve his sentence at the Federal Correctional Institution in Beaumont, Texas. The undersigned recommends that the Defendant's request be accommodated, if possible.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the

recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 22nd day of September, 2015.

                                                              Zack Hawthorn
                                                              United States Magistrate Judge